United States District Court
Southern District of Texas
ENTERED
August 20, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESUS SERRANO ALVARADO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-5374 |
| | § | |
| BRET BRADFORD, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Jesus Serrano Alvarado ("Petitioner"), a citizen of Mexico, entered the United States without inspection in 1980.[1] On May 26, 2026, Petitioner was arrested in Burelson County, Texas, for driving without a license.[2] Three days later he was released into the custody of the Department of Homeland Security.[3] That same day Petitioner was served with a Notice to Appear, charging him with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled."[4] On July 21, 2026, an immigration judge ordered Petitioner

---

[1]Petition for Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, p. 4 ¶ 13; Motion to Stay and, in the Alternative, Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 5, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MSJ, Docket Entry No. 5, p. 2.

[3]Id.

[4]Notice to Appear, Exhibit 3 to Respondents' MSJ, Docket Entry No. 5-3, pp. 1, 4.

removed from the United States to Mexico.[5] Petitioner has reserved the right to appeal that decision and remains in immigration detention.[6]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates the Immigration and Nationality Act and due process, and is arbitrary and capricious under the Administrative Procedure Act ("APA").[7] Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 5). Respondents argue that Petitioner's detention does not violate due process because he is legally detained under § 1225(b)(2) as an applicant for admission.[8] Petitioner has filed Petitioner's Response in Opposition to Respondents' Motion for Stay and for Summary Judgment (Docket Entry No. 6).

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026). This mandatory detention does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721–22 (2003)). Moreover, as explained in

---

[5]Respondents' MSJ, Docket Entry No. 5, p. 3.

[6]Id. at 3 n.4.

[7]Habeas Petition, Docket Entry No. 1, pp. 10–13 ¶¶ 44–63. As explained by Jimenez v. Noem, Civil Action No. H-25-5853 (S.D. Tex. Feb. 10, 2026), Petitioner's claim under the APA is foreclosed.

[8]Respondents' MSJ, Docket Entry No. 5, pp. 1–2.

Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 5) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 20th day of August, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE